**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 30 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD ALLEN ROLLINGS,

Defendant - Appellant.

No. 00-7088
(D.C. No. 99-CR-91-S)
(E. D. Oklahoma)

**ORDER AND JUDGMENT**   *

Before **EBEL** , **HOLLOWAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I

Defendant-Appellant Richard Allen Rollings was indicted on six counts related to methamphetamine manufacture and distribution, as well as firearms possession. He was found guilty on Counts one, two, three and four. Count one charged a violation by Defendant Rollings of 21 U.S.C. § 846 and 18 U.S.C. § 2 in that on or about May 17, 1999, in Pittsburgh County in the Eastern District of Oklahoma, Defendant Rollings knowingly and intentionally attempted to manufacture methamphetamine, a Schedule II Controlled Substance.

Count two charged violation of 21 U.S.C. § 841 (a) (1) and 18 U.S.C. § 2 in that on or about May 17 in Pittsburgh County in the Eastern District of Oklahoma, Defendant Rollings and Karla Jean Hance, also known as Karla Turpin and Karla Rollings, did knowingly and intentionally possess, with intention to distribute, methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841 (a) (1) and 18 U.S.C. § 2.

Count three charged that on or about May 17, 1999 in Pittsburgh County in the Eastern District of Oklahoma, Defendant Rollings and Karla Jean Hance, also known as Karla Turpin and Karla Rollings, Defendants herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year, possessed in and affecting commerce, various firearms in violation of 18 U.S.C. § 922 (g) (1) and (2).

Count four alleged the violation of 18 U.S.C. §§ 922 (g) (1) and (2) in that on or about May 17, 1999 in Pittsburgh County in the Eastern District of Oklahoma Defendant Rollings, having been convicted of a crime punishable by imprisonment for a term exceeding one year, possessed in and affecting commerce, various firearms.

Counts one through four are the relevant counts of conviction concerning which the issues on appeal are asserted. There were two additional counts on which Defendant Rollings was found not guilty. On the four counts of conviction Defendant Rollings was sentenced respectively to 188 months, 188 months, 120 months, and 120 months, all to be served concurrently.

**II**

**A**

Mr. Rollings raises three issues on appeal. First, he argues that because the indictment failed to allege a drug quantity, and because the drug quantity was estimated by the sentencing judge using a preponderance of the evidence standard, his sentence violates the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Rollings' sentence did not exceed the statutory maximum in this case, *see*

-3-

21 U.S.C. § 841 (b) (1) (C) (maximum sentence for unspecified quantity of methamphetamine is 20 years), and therefore *Apprendi* does not apply.

**B**

Second, Rollings challenges the judge's adverse decision on his motion for acquittal. "In reviewing . . . a denial of a motion for judgment of acquittal, this court must review the record de novo to determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt." *United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000). From his brief on appeal, it appears that the premise of Mr. Rollings' motion and his argument on appeal is that there was insufficient evidence presented at trial that Mr. Rollings attempted to manufacture methamphetamine, which Count one charged. App. at 25.

A sufficiency of the evidence argument almost always requires this court to review the record in its entirety. However here, only select portions of the trial transcript were introduced, making assessment of the evidence as a whole impossible. *See United States v. Vasquez*, 985 F.2d 491, 495 (10th Cir. 1993) ("[T]he failure to file a trial transcript precludes review of a conviction for sufficiency of the evidence."). The Brief of Appellant, p. 7 argues that the "evidence at jury trial did not show that an ongoing manufacturing operation was present." However, from what information is available in the partial transcript,

we are satisfied that the prosecution presented ample evidence of Mr. Rollings' attempt to manufacture methamphetamine. [1]

_____

[1]    The Appellee's Supplemental Appendix contains portions of the jury trial transcript which the Government includes in its Supplemental Appendix. That transcript contains testimony by Officer Travis Read. Appellee's Supplemental Appendix 8 *et seq*. He testified concerning items he seized and submitted to the Oklahoma State Bureau of Investigation. *Id.* at 8. Among numerous items, he said he submitted two epidermic syringes containing a liquid substance he believed to be methamphetamine. *Id.* at 11. Later there was testimony describing results of examination of material which Officer Read submitted. *Id.* at 13. It was testified that Officer Read submitted in an envelope, Exhibit 43, a plastic bag containing methamphetamine and separate plastic bags containing methamphetamine. *Id.* at 13.

The examining officer said further that a white powdery substance in bags submitted contained methamphetamine. *Id.* at 15. Analysis was performed on liquid contained in two syringes and methamphetamine was identified within those liquids. *Id.* at 16. Officer Read submitted a ziplock bag, identified as Item D-7, and the bag contained a prescription bottle with a moist substance therein identified as methamphetamine. *Id.* at 17. There was testimony that Defendant Rollings was located in a workshop building where camouflage netting was found. *Id*. at 22. The testimony about the seized items showed further a note was taken, Exhibit 84, stating "Karla and Richard came by twice. No answer. Call you back later tonight."

It was testified that from large containers that were taken, two of the jugs contained what appeared to be a two layer liquid, something typically encountered "in clandestine labs." *Id.* at 28. Tests were performed upon the upper layers of two exhibits and methamphetamine was identified within both of them. *Id.* at 31. Later it was testified that the search officers had seen someone inside the mobile home running. The search officer then went to the workshop and encountered the Defendant Rollings inside. *Id.* at 33. Rollings was identified in court as the person seen inside the barn. *Id.* at 33-34. In both hands the Defendant had lithium batteries. *Id.* at 34. Defendant Rollings' wallet was found to contain $1,371.00. *Id.* at 35. A security arrangement for the work building or a storage building was noticed which was a television monitor on top of a desk which showed a view from the top of the barn to the road approaching the barn. *Id.* at 36-37. Lithium batteries found would have cost between $500 and $600

(continued...)

We are satisfied from the portions of the record produced that there was sufficient evidence to sustain the Defendant's conviction for attempting to manufacture methamphetamine. The testimony from the Supplemental Appendix which includes substantial trial testimony, satisfies the Government's burden in our judgment.

## C

Finally, Mr. Rollings contends that the district court erred in denying his motion to suppress evidence acquired through the search of his property, arguing that the police officer's probable cause affidavit was marred by material omissions and inaccuracies. In particular, he contends that the reliability of the

---

[1](...continued)
dollars. *Id.* at 42. Mr. Childers, the supervisor of the laboratory in Durant, Oklahoma made an analysis of the samples turned over to him. *Id.* at 51.

The process referred to as the "Nazi method" was that used here for manufacturing methamphetamine. This involved the use of lithium metal strips. From the officers' experience in investigating labs, the investigator would see lithium batteries, a white powdery substance, and anhydrous ammonia, which was seen at this lab site. *Id.* at 56. There was testimony that three basic items were needed to make methamphetamine: sodium metal, a pseudoephedrine or ephedrine, and anhydrous ammonia. *Id.* at 62. To determine the presence of ammonia, a Lumidor gas meter was applied at the Rollings residence. *Id.* at 63-64. The concentration of ammonia found was very high. *Id.* at 65. A pickup truck at the east door of the shop building was connected to the Defendant by an insurance policy found in the vehicle. *Id.* at 64-66. The insurance document was in the name of Richard A. Rollings and Riley D. Rollings, and the type of vehicle and Vehicle I.D. Number were matched also. *Id.* at 67-68.

confidential informant (CI) upon whom the officer relied was not established in the affidavit.

In considering whether the affidavit supported probable cause, our task is to review the magistrate's "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). We must consider the totality-of-the-circumstances in insuring that the magistrate had a "substantial basis for . . . concluding" that probable cause existed. *See id.* at 238-39.

Here, the CI's reliability is supported by the CI's detailed report of prior encounters with Mr. Rollings, his detailed predictions of future activity, along with the officer's assertion that he had previously successfully relied on this CI.[2] *See id.* at 234 (the informant's "explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case"); *United States v. Gonzales*, 897 F.2d 504, 507 (10th Cir. 1990) (sufficient indicia of reliability

---

[2]   Mr. Rollings offered some evidence purporting to rebut the officer's assertion that he had previously successfully relied on information provided by this CI, but we agree with the district court that this evidence was not directly responsive to the officer's claim and therefore was not compelling.

existed where officer stated that CI had given accurate information to DEA in the past). We agree with the district court that, while not overwhelming, there was sufficient indication that the CI's reports were reliable, such that the magistrate's determination that probable cause existed was justified.

Accordingly, the judgment of the District Court, its convictions and sentences, are AFFIRMED.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge